**Yolanda TENUTA, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**No. 83–C–1607.**

United States District Court,
E.D. Wisconsin.

July 24, 1984.

Paul Gagliardi, Kenosha, Wis., for plaintiff.

Melvin K. Washington, Asst. U.S. Atty., Milwaukee, Wis., for defendant.

## DECISION AND ORDER

WARREN, District Judge.

This case and the defendant's recent motion for an extension of a filing deadline present the sort of procedural dilemma with which the courts of this district and across the nation have become all too familiar—namely, how to supervise the litigation of social security appeals characterized by repeated delays occasioned by the Secretary's own inability to administer the huge numbers of challenges to her denial of decisions. Having previously placed the Government on notice that Secretary-inspired delays of this sort would not be viewed benignly, the Court today declines the invitation to sanction yet another postponement in the ultimate resolution of this matter.

## BACKGROUND

On September 20, 1983, the plaintiff filed this action pursuant to 42 U.S.C. § 405(g), seeking reversal of the Secretary's decision denying her application for disability benefits. By stipulation of the parties, memorialized in a letter of November 17, 1983, the

Secretary was afforded an extension of time up to and including December 18, 1983, in which to answer or otherwise plead to the allegations in the complaint.

On December 19, 1983, one day after the expiration of the enlarged period, the Secretary filed a motion for an order remanding this case for further proceedings. The purpose of the requested remand was to enable the Secretary to "locate or reconstruct the claim file." Defendant's *Motion* at 1 (December 19, 1983).

Although the Secretary certified, pursuant to Local Rule 6.01, that she did not intend to file a supporting brief or affidavit, she did invoke the language of 42 U.S.C. § 405(g) in support of her petition. That statute provides, in relevant part, as follows:

> The Court may, on motion of the Secretary made for good cause shown before [s]he files h[er] answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm h[er] findings of fact or h[er] decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which h[er] action in modifying or affirming was based.

On January 16, 1984, plaintiff's counsel filed a letter brief in opposition to the motion to remand in which he chronicled the procedural history of this case and argued, in effect, that the interests of justice would not be promoted if the Secretary's motion were granted. Among other things, plaintiff's counsel stated that his client has been disabled since October 2, 1981; that the Administrative Law Judge first hearing this matter determined that the claimant was entitled to benefits and issued a decision memorializing that finding on October 8, 1982; and that the Appeals Council subsequently reversed the decision of the Administrative Law Judge and denied plaintiff's subsequent petitions for reconsideration and reopening, the latter request based on additional evidence in the form of medical verification of the claimant's complaints of pain and suffering.

Plaintiff's attorney also noted that his client had already acquiesced in the sixty-day extension of time afforded the Secretary on November 17, 1983, and that "the defendant has waited until the last minute on each and every procedure." Plaintiff's *Letter Brief* at 2 (January 16, 1984). He ·concluded his missive as follows:

> My client has now been waiting approximately 2½ years for Social Security benefits that she is rightfully entitled to .... For these reasons, and at the request of our client, we request that the Court deny the defendant's motion for remand.

Plaintiff's *Letter Brief* at 2 (January 16, 1984). Appended to the letter were copies of the requests for reconsideration and reopening filed with the Appeals Council on the plaintiff's behalf.

Although the Court did not resolve the motion to remand forthwith, the Government did file, on March 22, 1984, an answer to the plaintiff's complaint and, significantly, a certified copy of the administrative proceedings in this matter. Approximately two weeks later, on April 6, 1984, the Government filed an amended answer which, like the original, seeks dismissal of this case with costs and disbursements and affirmance of the Secretary's decision denying the plaintiff's request for disability benefits.

■ While the Secretary has not notified the Court that her motion to remand is now moot, the Court assumes, in the wake of her filing both an answer and a certified copy of the administrative record, that the claim file has, indeed, been located or reconstructed. Accordingly, the Court will

deny the Secretary's motion to remand as moot.

On April 16, 1984, the Clerk of Court issued his scheduling order in this case which, among other things, required that the parties file and serve simultaneous summary motions no later than July 2, 1984. On precisely that date, the plaintiff filed her motion for summary judgment, accompanied by a supporting memorandum of law.

The Secretary, however, chose not to file a motion for summary judgment but instead interposed on July 2, 1984, the present petition for an extension of time up to and including August 1, 1984, in which to file such a motion. In support of her request, the Secretary has attached the affidavit of Attorney Steven J. Plotkin, supervisor of the Social Security Litigation Unit (SSLU) for the office of the Regional Attorney of the Department of Health and Human Services in Chicago, Illinois.

Mr. Plotkin explains in his affidavit the procedure through which the SSLU is notified by the United States Attorney's Office of any briefing schedules established in social security actions filed pursuant to 42 U.S.C. § 405(g). As the unit responsible for preparing comments and briefs on the Secretary's behalf in cases such as the present, the SSLU periodically receives from the United States Attorney a civil calendar list identifying those matters in which some action is required in the near future. According to Mr. Plotkin, "[t]he SSLU then informs the U.S. Attorney's Office whether the brief will be filed timely, whether the SSLU will need more time to prepare the brief, or if some other action needs to be taken." *Affidavit* of Steven J. Plotkin at 1 (July 2, 1984).

In the present case, Mr. Plotkin indicates that his unit never received copies of the Clerk's scheduling order of April 16, 1984, despite the United States Attorney's unequivocal affirmation that the order was mailed to his office along with fifteen others like it. Having noted that some 600 new social security actions are filed in the

district courts of this region each month, Mr. Plotkin concludes as follows:

Due to the press of other litigation throughout the region, the SSLU will not be able to provide the Secretary's comments to the United States Attorney in time to meet the July 2 deadline for th[is] case[ ].

*Affidavit* of Steven J. Plotkin at 2 (July 2, 1984).

Although the plaintiff has not, to date, filed any brief in opposition to the Secretary's request for an extension of time, the Court surmises, based on the plaintiff's response to the Secretary's remand request, that she is something less than enthusiastic about this latest petition for a further extension of a filing deadline. Yet even in the absence of a clear statement of position by the plaintiff, the Court concludes that the procedural record in this matter alone justifies today's decision to deny the Secretary's motion for an enlargement of time, particularly in the wake of a previous admonition to the Government regarding precisely this sort of petition.

## THE SECRETARY'S MOTION FOR AN EXTENSION AND THE RECORD OF PROCEDURAL DELAYS IN SOCIAL SECURITY ACTIONS

■ Some nine months ago, this Court had occasion to comment on the procedural peculiarities that now characterize many of this district's social security cases, including the present. On November 21, 1983, the Court conducted a hearing in Case No. 83–C–779, *Cooler v. Secretary,* on the plaintiff's motion for default judgment. In that case, the complaint challenging the Secretary's decision denying the plaintiff's claim for disability benefits was filed on June 16, 1983. When the Secretary failed to answer within the sixty-day period established by Rule 12(a) of the Federal Rules of Civil Procedure, the plaintiff, on August 25, 1983, filed his motion for default judgment with a supporting affidavit.

One day later, on August 26, 1983, the Secretary filed her answer along with a certified copy of the administrative pro-

ceedings in the matter. Three weeks after that, on September 16, 1983, the Secretary filed a motion for an enlargement of time up to and including August 26, 1983, in which to answer or otherwise plead to the complaint. Appended to the Secretary's motion was an affidavit similar in nature to that provided by Attorney Plotkin in the present case—that is, describing the ever-increasing number of social security cases to which the Secretary must respond and explaining that her failure to meet filing deadlines is occasioned, at least in part, by an administrative system unable to handle these matters in a timely fashion.

In response to the tortuous procedural history of the case and the arguments of the parties in support of and in opposition to the default judgment motion, this Court observed that a prolonged, extensive "backlog" in responding to cases filed under 42 U.S.C. § 405(g), while unfortunate, simply does not constitute a sufficient excuse for those thousands of people seeking expeditious, albeit considered, review of their claims for benefits:

> These are people, almost invariably, who are in dire straits financially, and ... who require as rapid a decision as can be possibly made. ... [I]t is simply ... unacceptable to delay justice and attribute [it] to a backlog.

*Cooler v. Secretary*, Case No. 83–C–779, Transcript of Proceedings at 21 (November 21, 1983).

While the Court in the end denied the plaintiff's motion for default judgment and granted the Secretary's request for an enlargement of time, it did so only after serving notice on the Government that it would not view as charitably future procedural difficulties caused, in large part, by the Secretary's delay:

> My reluctance [to grant the Secretary's motion] is occasioned by what appears to the Court to be a disregard ... [by] the Government of the 60-day filing period, and that kind of a failure would normally constitute totally sufficient grounds for granting default judgment.

I do recognize that there is a tremendous ... workload of these kinds of cases, and I recognize that the courts sometimes have a role to play in the delay, but I do think that the motion by the Government for an enlargement of time in this case does at least represent a tacit admission of some kind of procedural wrongdoing; and the decision to deny the Plaintiff's default judgment motion is based exclusively on the good faith efforts of the people in the U.S. Attorney's Office to comply with the filing deadline, and in no sense represents judicial approval of the Government's tardiness.

> So that in the future I am putting you on notice, when the Government, as a result of administrative difficulties in one of its sister offices, fails to meet a filing deadline in a case involving a Social Security review, this Court is not going to be considering very favorably a motion like the one that's been made before it today. ...

> I can sympathize with ... [the United States Attorney for this district] with respect to the workload, but I don't really think it's ... [his] workload that's the problem. I think it's the workload in the Chicago office or Baltimore office....

> I think these are serious appeals, the[se] Social Security matters. They are entitlement questions that affect the very quality of life of the people who are being affected by a decision below; and, accordingly, while the Court denies the Plaintiff's motion for default judgment and grants the motion for an extension of time, it does so with the admonition that the Court will not tolerate Government-inspired delays in the briefing schedule, absent some very good cause that was brought to the Court's attention prior to the expiration of the 60-day time period.

*Cooler v. Secretary*, Case No. 83–C–779, Transcript of Proceedings at 21–22 (November 21, 1983).

Although the present case is not on the precise procedural footing as the one before this Court nine months ago, it is suffi-

ciently similar in terms of Secretary-inspired delays to justify reference to the admonition issued last November. As before, the Court begins with the observation that the human interests at stake in cases such as these are of the highest order and should be addressed in as expeditious a manner as reasonably possible. While social security claimants cannot expect rapid-fire movement of their applications through the administrative and, if they choose, adjudicative processes, neither should they be forced to suffer the burden of delays caused by the Secretary's own inability to meet reasonable filing deadlines.

In the present case, the Court may have been inclined to look more favorably on the Secretary's request had she made it earlier during the seventy-seven-day period from the date of the Clerk of Court's scheduling order to the due date for summary judgment motions. Yet petitioning as she did for an extension of time on the very date that such motions were due only served to aggravate further the Court's dismay over the circumstances, as outlined in Attorney Plotkin's affidavit, that made impossible the timely preparation and submission of her summary judgment motion.

While the Court is not entirely unsympathetic to the administrative problems occasioned by "the press of ... litigation throughout the region," *Affidavit* of Steven J. Plotkin at 2 (July 2, 1984), it remains convinced that claimants for social security benefits deserve better treatment than that afforded the present plaintiff. The Secretary's latest request is not only emblematic of the sorts of delays this plaintiff has confronted since she first filed her claim for benefits some two-and-one-half years ago but could, if granted, set the unseemly precedent of compelling all but the Secretary herself to comply with the rules and orders of the Court. Because the Court concludes that such a decision would prove both ill-advised and unwarranted, it will make good on its promise of last November 21, 1983, "not [to] tolerate Government-inspired delays in [a] briefing schedule, absent some very good cause ... brought to

the Court's attention prior to the expiration of the ... time period." *Cooler v. Secretary*, Case No. 83–C–779, Transcript of Proceedings at 22 (November 21, 1983).

## CONCLUSION

For the reasons articulated herein, the Court hereby **DENIES** the Secretary's motion to remand as moot and further **DENIES** her motion for an enlargement of time in which to file her summary judgment motion.

Pursuant to the briefing scheduled established by the Clerk of Court in his letter of April 16, 1984, the Secretary shall be permitted to file and serve a response to the plaintiff's summary judgment motion up to and including *August 1, 1984*, and the plaintiff shall file and serve her reply, if necessary, by *August 21, 1984*. Thereafter, the Court will take this matter under advisement and issue an order resolving the claims of the parties.